**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KIRK DOUGLAS BYRD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-CV-0251-CVE-FHM** |
| | ) | |
| **RANDALL WORKMAN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Petitioner is a state inmate and appears *pro se*.  Respondent filed a response (Dkt. # 13) to the petition and provided the state court record (Dkt. # 14) for the Court's use in resolving the claims raised in the petition. Petitioner filed a reply (Dkt. # 17) to the response. On April 23, 2009, Petitioner filed a pleading entitled "motion and brief in support to amend original pleading of habeas corpus 2254" (Dkt. # 21).  He also provided his proposed amended petition along with his motion.  The proposed amended petition contains three (3) new claims, identified as Propositions XI, XII, and XIII. Respondent filed a response (Dkt. # 26) to the motion to amend. Petitioner filed a reply (Dkt. # 27) to the response.  For the reasons discussed below, the Court finds Petitioner's motion to amend petition should be denied.  In addition, the petition for writ of habeas corpus should be denied.

### BACKGROUND

During the early morning hours of February 11, 2004, Trooper Joseph Hendren stopped a vehicle driven by Petitioner Kirk Douglas Byrd, a/k/a Kirk Douglas Rice, for speeding.  Petitioner was not wearing his seatbelt and he was unable to produce a driver's license or proof of insurance. Trooper Hendren could see a 12-pack of Budweiser beer and a glass containing a dark liquid in or

near the center console of the vehicle. He asked Petitioner to exit the vehicle and to keep his hands out of his pockets. Petitioner kept putting his hands in his pockets. Trooper Hendren, concerned for his safety, warned Petitioner that if he didn't take his hands out of his pockets, he was "going to end up on the ground." According to Trooper Hendren, Petitioner responded with profanity and kept his hands in his pockets. Trooper Hendren attempted to take Petitioner to the ground to handcuff him. Petitioner resisted Trooper Hendren's efforts to subdue him which resulted in a brawl. Trooper Hendren eventually succeeded in handcuffing Petitioner. Backup soon arrived. Petitioner's vehicle was searched. Trooper Hendren found a black bag containing a pipe with a burned white residue, along with a small plastic baggie containing a white powder which later tested positive for methamphetamine. Petitioner was transported to a hospital for examination. While at the hospital, he refused Trooper Hendren's request for a breath or blood alcohol test. After spending 2-3 hours at the hospital, Petitioner was transported to the Tulsa County Jail. During the booking-in process, another baggie containing methamphetamine and a marijuana cigarette were found in his pocket.

As a result of those events, Petitioner was charged by a Second Amended Information and tried by a jury in Tulsa County District Court, Case No. CF-2004-704. At the conclusion of a one-stage jury trial, Petitioner was convicted of Possession of a Controlled Drug, After Former Felony Convictions (Count 1), Driving Under the Influence of Intoxicating Liquor – Third Offense, After Former Felony Convictions (Count 2), Assault and Battery Upon a Police Officer, After Former Felony Convictions (Count 3), Driving Under Revocation (Count 4), Speeding (Count 5), Driving Without Seatbelts (Count 6), Transportation of Open Container of Alcoholic Beverage (Count 7), Unlawful Possession of Paraphernalia (Count 8), Driving Without Insurance Verification (Count

10), Possession of Marijuana – Second Offense (Count 11).[1]  On October 18, 2004, the trial court judge sentenced Petitioner in accordance with the jury's recommendation to thirty-five (35) years imprisonment and a $1,000 fine (Count 1), twenty (20) years imprisonment and a $5,000 fine (Count 2), ten (10) years imprisonment and a $10,000 fine (Count 3), one (1) year in the county jail and a $500 fine (Count 4), a $20 fine (Count 5), six (6) months in the county jail and a $500 fine (Count 7), a $1,000 fine (Count 8), and a $100 fine (Count 10).  Counts 1, 2, and 3 were ordered to be consecutively, and the remaining counts were ordered to be served concurrent with one another and concurrent with Counts 1, 2, and 3.  At trial, Petitioner was represented by attorneys Paula Keck and Curt Allen.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA").  On direct appeal, Petitioner, represented by attorney Stuart Southerland, raised the following nine (9) propositions of error:

I:   The evidence was insufficient to support a conviction for assault and battery upon a police officer.

II:   The evidence was insufficient to support a conviction for driving under the influence of intoxicating liquor.

III:   The jury was not adequately instructed as to the lesser-included offense of driving while impaired.

IV:   The jury was presented with evidence of three transactional prior felony convictions which the jury improperly used to enhance Appellant's sentence pursuant to 21 O.S.Supp.2003, § 51.1.

V:   It was reversible error to enhance Appellant's D.U.I. sentence with prior felony D.U.I. convictions which were more than ten years old.

---

[1]   Count 9, Carrying Drugs Where Prisoners are Kept, was dismissed when the Second Amended Information was filed.  Also, the trial court judge determined that Count 11 merged with Count 1 and Count 11 was, therefore, dismissed.

3

> VI:     The introduction of prior judgment and sentences without redaction of the sentences imposed, under the facts of this case, needlessly prejudiced Appellant and constitutes reversible error.
>
> VII:    Appellant received ineffective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> VIII:   Appellant's sentence is excessive and should be modified.
>
> IX:     The accumulation of error in this case deprived Appellant of due process of law and a reliable sentencing proceeding, therefore necessitating reversal pursuant to the Fourteenth Amendment to the United States Constitution.

(Dkt. # 13, Ex. 1).  On January 20, 2006, in Case No. F-2004-1080, the OCCA reduced Petitioner's sentence on Count 2 from twenty (20) years to ten (10) years, and otherwise affirmed his Judgment and Sentences.  See Dkt. # 13, Ex. 3. Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court nor did he seek post-conviction relief in the state courts prior to filing the instant habeas corpus action.[2]

On May 9, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2).  As his grounds of error, Petitioner identifies the same nine (9) grounds as raised on direct appeal. (Dkt. # 1). He also asserts a tenth ground for relief, as follows: "it was error for the Oklahoma Court of Criminal Appeals to fail to grant evidentiary hearing when the facts of this case necessitated it and Petitioner pursued same through a properly filed application."  Id. Respondent filed a response (Dkt. # 13) to the petition and asserts that Petitioner's claims are either not cognizable or do not warrant habeas relief under 28 U.S.C. § 2254(d).

---

[2]     As discussed in part B of the Analysis section of this opinion, Petitioner did file an application for post-conviction relief in the state district court on May 14, 2008, see Dkt. # 24, Ex. C, or more than two (2) years after filing his federal habeas corpus petition.

*ANALYSIS*

**A.  Exhaustion**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). In response to the petition, Respondent concedes that grounds I-IX were presented to the OCCA on direct appeal and are exhausted.  The Court agrees and further finds that Petitioner's ground X has not been presented to the state courts.  Nonetheless, the Court finds the claim shall be denied under 28 U.S.C. § 2254(b)(2).

**B.  Motion to amend**

On April 23, 2009, Petitioner filed a motion to amend (Dkt. # 21) to add the following three (3) grounds of error:

> XI:   Appellant was denied his rights to a fair and impartial trial by jury when jurors were made aware of his prior convictions during first stage of trial, thereby violating his Sixth and Fourteenth Amendment rights of the United States Constitution.

> XII:   Prosecutorial misconduct occurred by evidentiary harpooning with prior conviction testimony.

> XIII:   Ineffective assistance of appellate counsel to raise appealable issues.

Consideration of Petitioner's motion to amend petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading).  See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000).  The Court finds that the grounds of error identified in the proposed amended petition are new claims that do not relate back to the original petition.  See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the

original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  In this case, Petitioner timely filed his original petition.[3]  His motion to amend, however, was not filed until almost 3 years after filing the original petition, or well after expiration of the one-year limitations period. Since Petitioner's new claims do not relate back, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow amendment in this case by adding new claims would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll federal limitations period under 28 U.S.C. § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas

---

[3]    Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on April 20, 2006, after the 90 day period for seeking *certiorari* review in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  Therefore, Petitioner's deadline for filing a timely petition for writ of habeas corpus was April 20, 2007.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).  Absent a tolling event, see 28 U.S.C. § 2244(d)(2), a petition filed after April 20, 2007, would be time-barred.  The original petition in this case was filed May 9, 2006, or well before the deadline.  However, during the pendency of this action, the deadline has passed.  As a result, the new claims identified by Petitioner in his proposed amended petition are time-barred since the motion to amend was not filed until April 23, 2009, or more than two years after expiration of the one-year limitations period.

petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)).  Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner is not entitled to equitable tolling in this case.  Equitable tolling may be appropriate where a prisoner is actually innocent.  Id.  However, to be entitled to equitable tolling, a habeas petitioner asserting actual innocence must also demonstrate that he has pursued his federal claims diligently.  Id.  Petitioner did not exercise diligence in pursuing the new claims identified in the motion to amend. According to the docket sheet for Tulsa County District Court, Case No. CF-2004-704, see Dkt. # 26, Ex. C, Petitioner first began to exhaust state remedies for the new claims by commencing a post-conviction proceeding in the state district court on May 14, 2008, or more than a year after expiration of the limitations period.[4]  The only explanation offered by Petitioner for his lack of diligence is that he "was recently made aware of these proposed amendment issues by a person better trained and working as a legal research assistant at the facility where he is currently confined." (Dkt. # 21). Petitioner's conclusory statement concerning his lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. As a result, Petitioner is not entitled to equitable tolling and the new claims identified in the

---

[4]      A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

proposed amended petition are time-barred. Therefore, the motion to amend shall be denied.  The

Court will consider only the claims asserted in the petition (Dkt. # 1).

## C.  Claims adjudicated by the OCCA on direct appeal

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal

habeas relief only if the state decision "involved an unreasonable application of clearly established

Federal law, as determined by the Supreme Court of the United States" or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." See 28 U.S.C. § 2254(d); Bell v. Cone, 535 U.S. 685, 694 (2002); Williams v. Taylor,

529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In this case,

the OCCA adjudicated Petitioner's claims I-IX on direct appeal.  Therefore, the claims shall be

reviewed pursuant to § 2254(d).

### 1.  Insufficient evidence (grounds I and II)

As his first and second propositions of error, Petitioner argues that the State presented

insufficient evidence to support his convictions for Assault and Battery Upon a Police Officer and

for Driving While Under the Influence of Intoxicating Liquor.  The OCCA rejected these claims on

direct appeal, finding as follows:

> . . . despite conflicts in the evidence, when the evidence is reviewed in the light most
> favorable to the State, Appellant's use of force to physically hurt a person he knew
> to be a highway patrol trooper in the performance of his duties without a justifiable
> or excusable cause is sufficient to support a conviction for assault and battery on a
> police officer. *See Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559; *Stratton
> v. City of Tulsa*, 1988 OK CR 84, ¶ 9, 753 P.2d 931, 932.  *See also Roldan v. State*,
> 1988 OK CR 219, ¶ 8, 762 P.2d 285, 286 (within the exclusive province of the jury
> to weigh the evidence, resolve conflicts, and reconcile the testimony concerning the
> motives of the witnesses).  The evidence showed Trooper Hendren had probable
> cause to make the arrest, therefore, Appellant did not have the legal right to use force
> on the trooper. *See Ajeani v. State*, 1980 OK CR 29, ¶ 4, 610 P.2d 820, 822; *Staub*

*v. State*, 1974 OK CR 169, ¶ 9, 526 P.2d 1155, 1157.  Modification to the lesser offense of resisting arrest is not warranted.

In Proposition II, we find the evidence sufficient to support the conviction for Driving Under the Influence of Intoxicating Liquor.  *See Easlick*, 2004 OK CR 21, ¶ 15, 90 P.3d at 559.  A conviction may be sustained in the absence of evidence of the defendant's actual blood alcohol content where, as here, an officer's observations as to a defendant's intoxication are sufficient to support a guilty verdict.  *Harris v. State*, 1989 OK CR 15, ¶ 4, 773 P.2d 1273, 1274; *Gerrard v. State*, 1987 OK CR 5, ¶ 8, 731 P.2d 990, 991-92; *Roberts v. State*, 1986 OK CR 22, ¶ 7, 715 P.2d 483, 484.

(Dkt. # 13, Ex. C).

As stated above, a writ of habeas corpus will not be issued on a claim adjudicated on the merits by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299,

1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility.  Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of the crime to apply the sufficiency of the evidence standard. See, e.g., Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n.16. As to Petitioner's first proposition of error, Oklahoma law provided the elements of Assault and Battery Upon a Police Officer, as applicable to Petitioner's case, as follows: first, an assault and battery; second, upon a highway patrolman; third, known by the defendant to be a highway patrolman; fourth, without justifiable or excusable cause; fifth, committed while the highway patrolman was in the performance of his duties as a highway patrolman.  Okla. Stat. tit. 21, §§ 648-49 (2001); OUJI-CR 2d 4-16.

In this case, the jury heard testimony from Trooper Joseph Hendren concerning the incident on February 11, 2004.  Trooper Hendren testified that while he tried to subdue Petitioner, Petitioner

10

was combative, and struck and kicked him as he tried to avoid being restrained. See Dkt. # 14, Tr. Trans. Vol. II at 241, 251, 253, 257. Trooper Hendren was driving a marked unit, id. at 235, and was in uniform, id. at 236. Trooper Hendren also testified that he warned Petitioner numerous times to keep his hands out of his pockets and that he would "end up on the ground" if he failed to comply. Id. at 244-46. Although Petitioner recalled a different version of the events, the Court does not weigh conflicting evidence or consider witness credibility, and instead, views the evidence in the light most favorable to the prosecution and accepts the jury's resolution of the evidence as long as it is within the bounds of reason. Viewing the evidence as a whole and in a light most favorable to the State, the Court finds that the evidence was sufficient to allow the jury as a rational trier of fact to have found the essential elements of Assault and Battery Upon a Police Officer beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). The Court finds habeas corpus relief shall be denied on this claim.

As to Petitioner's second proposition of error, Oklahoma law provides the elements of Driving While Under the Influence of Intoxicating Liquor, as applicable to Petitioner's case, as follows: first, driving; second while under the influence of alcohol; third, a motor vehicle; fourth, on a highway, public road, or turnpike. See OUJI-CR 2d 6-18; Okla. Stat. tit. 47, § 11-902 (2001). In addition, Petitioner's jury was instructed that "under the influence" is defined as a:

> Condition in which alcohol has so far affected the nervous system, brain, or muscles of the driver as to hinder, to an appreciable degree, his ability to operate a motor

11

vehicle in a manner that an ordinary prudent and cautious person, if in full possession of his faculties, using reasonable care, would operate or drive under like conditions.

See Dkt. # 14, O.R. at 172, Instruction No. 20 (citing OUJI-CR 2d 6-35).

Petitioner's jury heard testimony from Trooper Hendren that Petitioner's mannerisms at the time of the traffic stop on I-44 indicated he was under the influence of alcohol. See Dkt. # 14, Tr. Trans. at 241. In addition, Trooper Hendren testified that Petitioner's eyes were bloodshot and he smelled of alcohol. Id. at 241, 261. Viewing the evidence as a whole and in a light most favorable to the State, the Court finds that the evidence was sufficient to allow the jury as a rational trier of fact to have found the essential elements of Driving While Under the Influence of an Intoxicating Liquor beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939. Habeas corpus relief shall be denied on this claim.

### 2. Inadequate lesser-included offense instruction (ground III)

As his third proposition of error, Petitioner complains that his jury was not adequately instructed as to the lesser-included offense of driving while impaired. On direct appeal, he complained that the instructions given to his jury failed to provide sufficient guidance on the difference between driving while intoxicated and driving while impaired, especially under the facts of this case since he had refused a breath test and, as a result, there was no evidence of blood alcohol level. See Dkt. # 13, Ex. 1 at 15-18. The OCCA rejected this claim, finding that because Petitioner denied being intoxicated, "he was either guilty of DUI or not guilty. An instruction on DWI was

12

not warranted by the evidence." See Dkt. # 14, Ex. 3 at 5 (citations omitted). The OCCA further reasoned that since he was not entitled to an instruction on Driving While Impaired, "whether a complete instruction on the offense was given to the jury is not a reason for reversal or modification of sentence." See id.

"Claims of erroneous jury instructions can justify setting aside a state conviction on habeas review only if 'the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense, or is otherwise constitutionally objectionable as, for example, by transgressing the constitutionally rooted presumption of innocence.'" Dockins, 374 F.3d at 938-39 (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir.1979) (internal citations omitted)). To the extent the Driving While Impaired instruction failed to provide sufficient guidance, the instruction did not render Petitioner's trial fundamentally unfair.  Petitioner is not entitled to habeas corpus relief on this ground of error.

### 3. Improper enhancement (grounds IV, V, and VI)

In grounds IV, V, and VI, Petitioner alleges that his sentences were improperly enhanced. In ground IV, Petitioner asserts that three (3) of his prior felonies were transactional and were used improperly to enhance his sentences.  In ground V, Petitioner claims that his prior felony D.U.I. convictions were more than ten (10) years old and his sentence was, therefore, improperly enhanced. In ground VI, Petitioner complains that his prior Judgment and Sentences were not properly redacted prior to being introduced into evidence resulting in needless prejudice to Petitioner.

In adjudicating these claims on direct appeal, the OCCA relied on state law.  As to ground IV, the OCCA determined that Petitioner's convictions in Case Nos. CF-88-4845 and CF-TU-93-3223 were transactional and, therefore, each case should have been counted one time for

enhancement purposes; nonetheless, even without the three (3) transactional felonies, Petitioner still had four (4) prior felonies which could be used for enhancement.  As to ground V, the OCCA applied state law and determined that Petitioner's 1988 and 1993 prior D.U.I. felony convictions were properly used to enhance.  The OCCA further found that the jury instruction failed to set forth the proper range of punishment provided by state law.  As a result, the OCCA reduced Petitioner's sentence for Count 2 from twenty (20) years to ten (10) years to comply with the maximum term provided by Okla. Stat. tit. 47, § 11-902(C)(4).  As to ground VI, the OCCA determined that the trial court did not abuse its discretion in admitting the unredacted judgments and sentences.  See Dkt. # 13, Ex. 3 at 6-11.

      These claims are rooted in Oklahoma state law.  Federal habeas corpus relief under 28 U.S.C. § 2254 is available only to those held in state custody in violation of federal constitutional or statutory law; it is not available to remedy alleged violations of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998). "We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law." Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir. 1994).  Petitioner does not allege that the enhancement of his sentences violated federal law. The Court further finds that none of these claims resulted in a fundamentally unfair trial. See, e.g., Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002); Romano v. Gibson, 239 F.3d 1156, 1166 (10th Cir. 2001).  As a result, grounds IV, V, and VI are not cognizable on federal habeas corpus review and shall be denied.

### 4.  Ineffective assistance of counsel (ground VII)

As his seventh ground of error, Petitioner claims that his attorney provided ineffective assistance of counsel.   Specifically, Petitioner alleges that counsel failed to investigate the transactional nature of some of his prior felony convictions and to challenge their admission into evidence, failed to use sound trial strategy in allowing Petitioner to testify regarding his prior felony convictions and sentences, failed to challenge the enhancement of his sentence based on prior D.U.I. convictions, failed to object to testimony concerning Petitioner's refusal to take a breathalyzer test, failed to interview hospital personnel regarding whether Petitioner was intoxicated, failed to challenge the lesser included offense jury instruction, failed to request redaction of the judgments and sentences admitted into evidence, and failed to prepare adequately for trial. See Dkt. # 1 (referring to Dkt. # 2, Ex. A).  Petitioner raised these claims on direct appeal.  The OCCA stated that each of the claims was reviewed under the standards set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and rejected each claim of ineffective assistance of counsel.  See Dkt. # 13, Ex. 3. In addition, the OCCA denied Petitioner's request that his claims of ineffective assistance of counsel be remanded for an evidentiary hearing.   The OCCA stated as follows:

> . . . upon review of the *Application for Evidentiary Hearing* on Sixth Amendment Grounds and supporting affidavits, Appellant has not shown by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to be better prepared for trial.  Accordingly, Appellant's application for an evidentiary hearing is denied.

See Dkt. # 13, Ex. 3 at 13.  Thus, it is clear from the OCCA's ruling that the state appellate court considered the non-record evidence provided by Petitioner and applied the standard found in Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, to deny the request.  Because the OCCA considered the non-record evidence when rendering its decision, the ruling is entitled to

deference by this federal habeas court.  Wilson v. Sirmons, 536 F.3d 1064, 1080 (10th Cir. 2008), *reinstated en banc*, 577 F.3d 1284 (10th Cir. 2009).

Under 28 U.S.C. § 2254(d), Petitioner is entitled to federal habeas relief only if the OCCA's adjudication of the claim of ineffective assistance of counsel is contrary to or an unreasonable application of Strickland. Applying that standard, Petitioner must show not only that the OCCA's application of Strickland was erroneous, but that it was objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 5 (2003).  To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that his counsel's performance was deficient and prejudiced his defense. Strickland, 466 U.S. at 688.

Petitioner has failed to make the necessary showing. First, Petitioner has failed to demonstrate that he was prejudiced by counsel's alleged deficient performance regarding use of his prior felony convictions for enhancement.  Petitioner has not asserted that the OCCA erroneously determined that he had at least four prior felony convictions even if his some of his convictions were transactional.  As a result, he has failed to demonstrate that he was prejudiced by counsel's failure to investigate or object to the transactional nature of his prior convictions.  Furthermore, Petitioner is simply incorrect when he asserts that his attorneys failed to use sound trial strategy in allowing Petitioner to testify regarding his prior felony convictions and sentences.  The record reflects that Petitioner chose to testify in his own defense and that defense counsel attempted to limit the impact of his prior convictions on the jury and to convey that Petitioner accepted responsibility for his actions.  See Dkt. # 14, Tr. Trans. at 381-88. Further, Petitioner has not demonstrated that his attorneys performed deficiently in failing to challenge the admission of his prior felony D.U.I. convictions for enhancement purposes. Lastly, Petitioner has not demonstrated that defense counsel

16

performed deficiently in failing to request redaction of his sentences entered on his Judgments and Sentences prior to their admission into evidence.  The record reflects that counsel did in fact file a motion in limine seeking, *inter alia*, redaction of the sentence information from the judgments and sentences.  See Dkt. # 13, Ex. 5; Dkt. # 14, O.R. at 109. Furthermore, defense counsel attempted to restrict introduction of Petitioner's prior felonies and sentences.  See Dkt. # 14, Tr. Trans. at 381-88. The trial court judge denied the request.  Petitioner has failed to demonstrate that the OCCA's rejection of these claims was an unreasonable application of Strickland.

Next, Petitioner complains that his attorneys failed to object to testimony concerning Petitioner's refusal to take a breathalyzer test because there was no indication that the request was made within two hours of the time of his arrest.  The OCCA determined that sufficient evidence, although circumstantial, supported a finding that Petitioner "was read the implied consent form and refused the test within two hours of his arrest."  See Dkt. # 13, Ex. 3.  The OCCA concluded, therefore, that trial counsel could not be found to be ineffective for failing to raise a meritless objection.  Id.  This Court notes that Okla. Stat. tit. 47, § 756(C), provides that evidence of a person's blood or breath alcohol concentration is admissible only if it can be established that the test was administered within two (2) hours of the person's arrest.[5]  In this case, no evidence of Petitioner's blood or breath alcohol concentration was admitted because Petitioner refused the test.

---

[5]     The statute at issue provides as follows:

> To be admissible in a proceeding, the evidence must first be qualified by establishing that the test was administered to the person within two (2) hours after the arrest of the person.

Okla. Stat. tit. 47, § 756(C).

<u>See</u> Dkt. # 13, Ex. 4. As a result, the two (2) hour requirement is not applicable.[6]  Regardless of the applicability of the two (2) hour requirement to a refusal to take the test, Petitioner has failed to demonstrate that the OCCA's resolution of this claim was an objectively unreasonable application of the <u>Strickland</u> standard.

Petitioner further claims that his attorneys provided ineffective assistance in failing to challenge the lesser included offense instruction. The OCCA rejected this claim, finding that because an instruction on DWI was not warranted by the evidence, "trial counsel was not ineffective for failing to ensure that terms in an unwarranted jury instruction were fully set forth."  <u>See</u> Dkt. # 13, Ex. 3 at 5.  The Court agrees that under the facts of this case, Petitioner's counsel did not provide ineffective assistance in failing to challenge the DWI instruction. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was an objectively unreasonable application of the <u>Strickland</u> standard.

Petitioner also complains that his attorneys failed to interview hospital personnel regarding whether Petitioner was intoxicated and failed to investigate whether a bruise on Petitioner's face might have been caused by the Trooper's boot.  The OCCA disposed of these claims of ineffective assistance of counsel by finding that Petitioner had failed to satisfy the prejudice prong of the <u>Strickland</u> standard.  As to counsel's failure to interview hospital personnel, the OCCA determined that based upon the record, it was "highly likely" that hospital personnel would have observed signs of intoxication and concluded that the "failure to present witnesses who would not have been helpful

---

[6]     Consistent with this reasoning, the form used by the trooper to record Petitioner's refusal does not have a space for recording the time of the refusal.  <u>See</u> Dkt. # 13, Ex. 4.  The portion of the form used for recording the results of a blood or breath test does have a space for recording the time of the test.  <u>Id.</u>  Because Petitioner refused the test, that portion of the form is not filled out and has an "X" marked though it.  <u>Id.</u>

is not ineffective assistance." <u>See</u> Dkt. # 13, Ex. 3 at 11. The OCCA further determined that whether or not the injuries to Petitioner's face "were caused by a trooper's boot was not particularly relevant to the case of [Petitioner's] defense as it did not have any tendency to make it more or less probable that Appellant was intoxicated or that he assaulted the trooper." <u>Id.</u> at 12. Therefore, the OCCA found that "counsel was not ineffective for failing to uncover and present such evidence." <u>Id.</u> Petitioner has failed to demonstrate that the OCCA's resolution of these claims was an objectively unreasonable application of <u>Strickland</u>.

Lastly, Petitioner asserts a general claim that his attorneys failed to prepare adequately for trial. As indicated herein, Petitioner was represented by two attorneys from the Tulsa County Public Defender's Office, Paula Keck and Curt Allen. He asserts that attorney Curt Allen had only one (1) day to prepare for trial and for cross-examination of Trooper Hendren. The OCCA rejected this claim finding that:

> . . . Appellant asserts trial counsel was unprepared for trial. Appellant supports his argument with affidavits attached to his *Application for Evidentiary Hearing* on Sixth Amendment Grounds. Having reviewed the record properly before us, we find Appellant's claim of ineffectiveness is not substantiated. Appellant had two experienced lawyers who were vigorous, zealous advocates for him. After a careful review of trial counsels' performance, in light of Appellant's allegations, we cannot say that counsels' conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result . . . Based on a review of the case at the time of trial, counsels' strategy was sound and a viable defense was presented. Accordingly, we find that Appellant was not denied effective assistance of counsel. Further, upon review of the *Application for Evidentiary Hearing* on Sixth Amendment Grounds and supporting affidavits, Appellant has not shown by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to be better prepared for trial.

Dkt. # 13, Ex. 3 at 12-13. The record before the Court clearly demonstrates that counsel made significant efforts to prepare for trial. Attorney Keck filed numerous pretrial motions on Petitioner's behalf, <u>see</u> Dkt. # 14, O.R. 66-76 (discovery motions), 100-04 (motion for release of internal records

of disciplinary proceedings against Trooper Hendren), 106-07 (motion to produce records of the Oklahoma Highway Patrol), 109-112 (motion in limine regarding introduction of dates of prior convictions, length of sentences, and case numbers), 123-26 (motion in limine), and, as discussed above, attempted to limit the impact of Petitioner's prior convictions and sentences. The trial transcripts reflect that defense counsel thoroughly cross-examined witnesses and introduced evidence helpful to Petitioner.  Nothing presented by Petitioner in this habeas corpus proceedings suggests that the OCCA's resolution of this claim was an objectively unreasonable application of Strickland.  Petitioner is not entitled to habeas corpus relief on any of his claims of ineffective assistance of counsel.

### 5. Excessive sentence (ground VIII)

As his eighth proposition of error, Petitioner alleges that his sentence is excessive. On direct appeal, Petitioner argued that his total sentence of 65 years imprisonment is "grossly disproportionate to the offense committed and violates the Eighth and Fourteenth Amendments to the United States Constitution." See Dkt. # 13, Ex. 1.  After reducing Petitioner's sentence in Count 2 from twenty (20) years to ten (10) years, the OCCA found "no further modification of any of the other sentences is warranted.  Appellant's sentences, both individually and cumulatively, do not shock the conscience of the Court."  See Dkt. # 13, Ex. 3.

Because Petitioner had a prior felony conviction, his sentences were enhanced.  Under Oklahoma law, the maximum sentence faced by Petitioner on the Assault and Battery Upon a Police Officer conviction was "not less than four (4) years."  Under Oklahoma law, the punishment for Unlawful Possession of a Controlled Drug, After Former Conviction of Two or More Felonies, is "not less than six (6) years."  As determined by the OCCA, the maximum punishment for D.U.I. –

third offense, is ten (10) years. The sentences received by Petitioner, as modified by the OCCA, were all within the statutory range provided by Oklahoma law. Where the sentence imposed is within the maximum provided by law, as in this case, there is no basis for habeas relief. Cooper v. United States, 403 F.2d 71, 73 (10th Cir. 1968).

To the extent Petitioner alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment as the basis for his claim, the Court finds Petitioner is not entitled to relief because his sentence is not grossly disproportionate to the crimes he committed, including Possession of a Controlled Drug, Driving Under the Influence of an Intoxicating Liquor – Third Offense, and Assault and Battery Upon a Police Officer. See Hawkins v. Hargett, 200 F.3d 1279, 1282 (10th Cir. 1999); see also Rummel v. Estelle, 445 U.S. 263 (1980) (finding that a life sentence with the possibility of parole is not disproportionate for a three-time non-violent recidivist). The length of Petitioner's sentence cannot be said to be unreasonable in light of the deferential standard that binds this Court's analysis. See Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003) (observing numerous impediments to challenging the length of a prison sentence under federal habeas review). A sentence violates the Eighth Amendment only if it is "grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003) (quoting Rummel, 445 U.S. at 271). But "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer, 538 U.S. at 77. This is not that case. The OCCA's decision was not an unreasonable application of the gross disproportionality test. Thus, Petitioner is not entitled to habeas corpus relief based on his claim that his sentence is constitutionally excessive.

### 6.  Cumulative error (ground IX)

As his ninth proposition of error, Petitioner asserts that the cumulative effect of trial errors deprived him of a fair trial.  <u>See</u> Dkt. # 1.  The OCCA rejected this claim, finding that "we have reviewed the alleged errors in this case both individually and cumulatively and none were so egregious or numerous as to have denied Appellant a fair trial.  The only error warranting relief concerned sentencing and Appellant's sentence has been modified accordingly.  No relief is necessary."  <u>See</u> Dkt. # 13, Ex. 3 at 14 (citation omitted).

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. <u>Workman v. Mullin</u>, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. <u>Le v. Mullin</u>, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing <u>United States v. Rivera</u>, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's habeas claims, the Court finds no basis for a cumulative error analysis. The OCCA's resolution of Petitioner's cumulative error claim was not an unreasonable application of federal law.  Petitioner is not entitled to relief on this ground.

### 7.  Denial of evidentiary hearing by the OCCA (ground X)

As his tenth ground of error, Petitioner alleges that the OCCA erred in failing to grant his motion for evidentiary hearing.  Petitioner has provided a copy of his "Application for Evidentiary Hearing on Sixth Amendment Grounds and supporting affidavits" filed on direct appeal.  <u>See</u> Dkt. # 2, attachment B.  In denying Petitioner's request for an evidentiary hearing on his claims of ineffective assistance of counsel, the OCCA stated as follows:

> . . . upon review of the *Application for Evidentiary Hearing* on Sixth Amendment Grounds and supporting affidavits, Appellant has not shown by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to be

better prepared for trial.  Accordingly, Appellant's application for an evidentiary hearing is denied.

See Dkt. # 13, Ex. 3 at 13.  Thus, it is clear from the OCCA's ruling that the state appellate court considered the non-record evidence provided by Petitioner and applied the standard found in Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, to deny the request.

To the extent Petitioner asserts this claim as a separate ground for habeas corpus relief, the Court finds the claim concerns an alleged error of state law and is not cognizable in this habeas corpus proceeding. See 28 U.S.C. § 2254(a) (stating a court "shall entertain" a § 2254 petition "only on the ground that [the state prisoner] is in custody *in violation of the Constitution or laws or treatises of the United States*") (emphasis added); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that it is not the province of federal habeas courts to reexamine state-court determinations on state-law questions).  For that reason, Petitioner's separate challenge to the OCCA's denial of his request for an evidentiary hearing shall be denied.

To the extent Petitioner requests that this Court hold an evidentiary hearing on his claims of ineffective assistance of counsel, the Court finds the request shall be denied.[7]  The record reflects that Petitioner diligently sought an evidentiary hearing on his claims of ineffective assistance of counsel on direct appeal. Therefore, Petitioner has not "failed to develop" the facts as required for application of the restrictions set out in 28 U.S.C. § 2254(e)(2). If a petitioner did not fail to develop the factual basis of his claim in state court, he is excused from showing compliance with the balance of the subsection's requirements. Williams v. Taylor, 529 U.S. 420, 437 (2000). When § 2254(e)(2)

---

[7]   By Order entered January 24, 2007 (Dkt. # 19), the Court denied Petitioner's separate application for an evidentiary hearing on his claims of ineffective assistance of counsel.  In denying Petitioner's request, the Court stated that "[s]hould the Court later determine that an evidentiary hearing is necessary, an appropriate order will be entered." (Dkt. # 19).

23

is not applicable, a federal habeas court should proceed to analyze whether a hearing is appropriate or required under pre-AEDPA standards. Under pre-AEDPA standards, a petitioner is entitled to an evidentiary hearing on the issue of ineffective counsel so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief. <u>See</u> <u>Young v. Sirmons</u>, 486 F.3d 655, 679 (10th Cir. 2007) (citation omitted).

In this case, for the reasons discussed in more detail above, the existing factual record does not support Petitioner's request for habeas corpus relief based on ineffective assistance of counsel. Therefore, under pre-AEDPA standards, Petitioner is not entitled to an evidentiary hearing.  His request for an evidentiary hearing shall be denied.

<em><strong>CONCLUSION</strong></em>

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Petitioner's motion to amend original habeas corpus petition (Dkt. # 21) is **denied**.

2.      The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3.      A separate Judgment shall be entered in this case.

**DATED** this 9th day of October, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT